CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 0 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

UNITED STATES OF AMERICA :
:
v. : Case No. 7:04CR00100
:
TERRY WAYNE STEPHENS :

## ORDER OF FORFEITURE AS TO
## INTEREST OF DEFENDANT TERRY WAYNE STEPHENS

Whereas in Count Four of the Indictment, the United States sought forfeiture of Defendant's interest in a six shot .38 caliber Taurus Ultralight pistol, as this firearm was involved in a violation of 18 U.S.C. § 924(c) and/or possessed in violation of 18 U.S.C. § 922(g);

And whereas on March 23, 2005 Defendant Stephens verbally pled guilty pled guilty to Count Three of the Indictment, knowingly, ship or transport in interstate or foreign commerce, or process, in or affecting commerce, a firearm which has been shipped or transported in interstate or foreign commere, while being a prohibited person, in violation of 18 U.S.C. § 922(g), the unlawful activity giving rise to the forfeiture herein,

And whereas by virtue of said Plea, Defendant acknowledged that the firearm named in Count Four of the Indictment is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, as the firearm was possessed in violation of 18 U.S.C. § 922(g);

**WHEREFORE IT IS HEREBY ORDERED** pursuant to rule 32.2 of the Federal Rules of Criminal Procedure that:

1. Based upon the Indictment filed herein, the guilty plea of Defendant, and the evidence of record, the interest of Defendant Stephens in the six shot .38 caliber Taurus Ultralight pistol is hereby forfeited to the United States:

2. The United States is hereby authorized to seize the forfeited property and it shall be disposed of in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1). No right, title or interest shall exist in

Page 1 of 2

Defendant Stephens.

    3. The United States and/or its designee shall:

(a) take and maintain custody of the forfeited property;

(b) pursuant to Title 21 U.S.C., § 853(n)(1), cause publication of this order and notice of the United States intent to dispose of the property in such manner as the Attorney General may direct. Said notice shall be published once in a newspaper of general circulation in *The Roanoke Times.* The notice shall state that any person, other than the Defendant, having or claiming a legal interest in any of the forfeited property must file a petition with the court within thirty (30) days of the publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought;

(c) to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified;

    4. Upon adjudication of the ancillary proceeding, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which any third-party interests will be addressed.

    5. Upon sentencing, a copy of this Order shall be included in the Judgment and Commitment Order.

    6. The Clerk of Court shall certify three copies of this Order to the United States Attorney's Office, Asset Forfeiture Section, P.O. Box 1709, Roanoke, Virginia 24008, and shall certify copies to counsel of record and the U.S. Probation office.

ENTERED THIS 10th DAY OF June, 2005.

James C. Turk
UNITED STATES DISTRICT JUDGE